UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Crim. No. 3:12cr23 (JBA) |
| v. | |
| JONATHAN TORRES | March 25, 2015 |

**RULING REDUCING DEFENDANT'S SENTENCE PURSUANT TO AMEND. 782**

On June 21, 2012, Defendant Jonathan Torres pled guilty to conspiring to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He was sentenced [Doc. # 108] on November 14, 2012 to 87 months' imprisonment. The Probation Office has filed an Amendment 782 Addendum [Doc. # 141] to the Presentence Report recommending that the Court reduce Mr. Torres's sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. For the following reasons, Mr. Torres's sentence is reduced to 70 months.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two,

'§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

The Probation Office states and the Government agrees [Doc. # 143], that Mr. Torres is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. The Probation Office and the Government agree that applying the Amendment to Mr. Torres yields an amended sentencing range of 70 to 87 months' imprisonment.[2] Based on the fact that Mr. Torres's original sentence was at the bottom of the applicable guidelines sentencing range, the Probation Office recommends, and the Government does not oppose, a reduced sentence of 70 months' imprisonment.

The Court notes that Mr. Torres has used his time in prison productively, completing a pre-GED course, and largely staying out of trouble. Upon full consideration

---

[1] These factors include:

  (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed. . .;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for. . .;
  (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
  (7) the need to provide restitution to any victims of the offense.

[2] The prior range was 87 to 108 months' imprisonment.

of the factors set out in § 3553(a), the Court concludes that a reduction in Mr. Torres's sentence to 70 months is appropriate, and such a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to move toward alleviating "the significant overcapacity and costs" of federal prisons. U.S.S.G. Amendment 782 (policy statement). .

For the foregoing reasons, effective November 1, 2015,[3] Mr. Torres's term of imprisonment is reduced to 70 months. All other aspects of the original sentence shall remain in effect.

IT IS SO ORDERED.

/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of March, 2015.

---

[3] Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the order is November 1, 2015, or later." However, an application note explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10, comment (n.6).